**Richard JOHNSON et al., Plaintiffs,**

v.

**Mrs. Georgia DARRALL and Mrs. Martha Scohy, as members of the Delaware County Board of Registration, Defendants.**

**No. IP 71–C–543.**

United States District Court,
S. D. Indiana.

Oct. 27, 1971.

R. Davy Eaglesfield, III, Charles A. Thompson, and Richard J. Darko, Indianapolis, Ind., for plaintiffs.

## MEMORANDUM AND ORDER

STECKLER, Chief Judge.

This matter having come to be heard upon plaintiffs' motion for a preliminary and permanent injunction and declaratory judgment, supported by affidavits and a hearing held October 27, 1971, and it appearing to the Court that the defendants, Georgia Darrall and Martha Scohy, have, prior to October 1, 1971,

denied plaintiffs and other members of the class the right to register as voters in Delaware County, Indiana, causing immediate and irreparable injury, loss and damage to plaintiffs and other members of the class; that a temporary restraining order was issued by this Court on October 1, 1971, restraining the defendants from denying to students the right to register as voters in Delaware County, Indiana; that after October 1, 1971, defendants required students to execute affidavits pursuant to their registration, which were not required to be executed by other applicants for registration; and that a preliminary and permanent injunction is required to protect the plaintiffs' constitutional right to vote.

Now therefore it is ordered that the defendants, their successors in office, agents, employees and any other persons acting in concert or participation with them be, and they hereby are, enjoined and restrained from refusing to register plaintiffs and the members of their class, to wit, students attending school and recently having attended school and the spouses of such students as voters on any ground not uniformly made applicable to all applicants for registration as voters; and it is further

Ordered that the defendants, their successors in office, agents, employees and any other persons acting in concert or participation with them be, and they hereby are, enjoined and restrained from establishing for or applying to plaintiffs and the members of their class in determining their eligibility to register to vote any standard, practice or procedure different from the standards, practices or procedures applied to all other applicants for registration as voters; and it is further

Ordered that the defendants, their successors in office, agents, employees, and any other persons acting in concert or participation with them be, and they hereby are, enjoined and restrained from subjecting plaintiffs and the members of their class to any special or discriminatory treatment or applying different standards to plaintiffs and the members of their class in determining their legal residence on the basis of the fact that they are students, former students, or the spouses of such students; and it is further

Ordered that the said defendants, their successors in office, agents, employees, and any other persons acting in concert or participation with them be, and they hereby are, enjoined and restrained from asking plaintiffs and the members of their class in connection with applications for registration as voters any questions other than those asked all other applicants for registration.

Any applicant shall be presumed to be entitled to registration as a voter if he is at least 18 years of age, a United States citizen, has satisfied the Indiana residency requirements, and declares it his intention to make Delaware County, Indiana his place of residence for an indefinite time; and

It is further ordered that said defendants, their successors in office, agents, employees and any other persons acting in concert or participation with them be, and they hereby are, enjoined and restrained from subjecting plaintiffs and the members of their class to any special or discriminatory treatment on or before election day, November 2, 1971, regarding the challenging procedure as provided by Indiana law.